IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL GERMAINE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:14-cv-873-MHT-TFM |
| v. | ) | [wo] |
| | ) | |
| JIM CATON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed August 21, 2014). Pending before the Court is Defendants' *Motion to Dismiss* (Doc. 9, filed September 23, 2014), and Plaintiff's *Motion to Stay* (Doc. 18, filed December 31, 2014) which this Court construes as a Response to Defendant's *Motion to Dismiss*. The Court has carefully reviewed the *Complaint*, *Motion to Dismiss*, and the briefs filed in support of and in opposition to Defendants' motion (Docs. 1, 9, and 18). For good cause, it is the RECOMMENDATION of the Magistrate Judge that the Defendants' motion be GRANTED in part, and DENIED in part.

### I. JURISDICTION

The case was brought pursuant to 42 U.S.C. §§ 2000e *et seq.* (Title VII of the Civil Rights Act of 1964) and 28 U.S.C. § 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support

both.  Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed August 21, 2014).

## II. STANDARD OF REVIEW

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although FED. R. CIV. P. 8 does not require detailed factual allegations; it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss.  *Id.*  The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. BACKGROUND

The Court accepts as true all relevant facts set forth by the Plaintiff in his Complaint (Doc. 1).   As best as this Court can discern, this Title VII claim arises out of the termination of Plaintiff Michael Germaine Williams' ("Williams" or "Plaintiff") employment with Andalusia Tire Company, as caused by the actions of Defendant Jessie Summerset ("Summerset"), and Jim Caton ("Caton").   *See* Doc. 1.

Williams states that on December 20, 2013, Summerset, Williams' supervisor, became aware that Williams is an atheist.  *See* Doc. 1 at 1.   Williams asserts that upon

this discovery, Summerset asserted that "I am God" and that there were other people who believe in God who are praying to have Williams' job. *Id.* Williams responded "while they were praying I was moving my feet and got it, thanks for the job." *Id.* At closing time, Summerset terminated Williams' employment. *Id.* Williams asserts that his religious beliefs or lack thereof, was the sole reason for his termination. *Id.* As a result of losing his job five days before Christmas, Williams was unable to provide gifts to his children who do believe in God, and he later became homeless. *See* Doc. 1 at 2.

## IV. DISCUSSION AND ANALYSIS

Caton and Summerset (collectively "Defendants") argue that the case is due to be dismissed because the "Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can be granted." *See* Doc. 9 at 1. Specifically, Defendants argue that "Title VII only allows recovery against the employer, not an individual." *Id.* (citing *Smith v. Capital City Club of Montgomery*, 850 F. Supp. 976 (M.D. Ala. 1996); *Mason v. Stallings*, 82 F.3d 1007 (11th Cir. 1996)). Additionally, Defendants argue that the Plaintiff's Complaint does not allege sufficient facts to survive a motion to dismiss. *See* Doc. 9 at 2.

### A.   Caton and Summerset

Defendants assert that Title VII only allows recovery against the employer. *Id.* (citing *Smith*, 850 F. Supp. 976; *Mason*, 82 F.3d 1007). Here, Defendants allege, Williams does not name the employer as a defendant in the complaint. However, it is clear to this Court that it was Williams' intent to name Andalusia Tire Company as a

Defendant. *See* Doc. 1 at 1. Although in Plaintiff's *pro se* Complaint Williams only includes Caton and Summerset in the case heading, he clearly names Andalusia Tire Company as a defendant under the second question prompt which asks the Plaintiff to provide the Court the "Name and address of defendant(s)." *Id.* Williams' handwritten notation clearly states "Andalusia Tires – Jim Caton, Jessie Summerset (supervisor), 850 By-Pass West, P.O. Box 446, Andalusia, AL 36420."[1] *Id.* Due to an inadvertent clerical error, Andalusia Tire Company was omitted from the docket. The Court finds that Andalusia Tire Company was properly named as a defendant at the time the Complaint was filed.

With regards to Defendants' argument that Williams' Title VII claims asserted against Caton and Summerset are due to be dismissed, the Court agrees. Caton and Summerset are not proper defendants in a Title VII cause of action. The Eleventh Circuit held that "relief under Title VII is available against *only the employer and not against individual employees* whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company." *Dearth v. Collins,* 441 F.3d 931, 933 (11th Cir. 2006) (emphasis added and removed). In this case, Summerset was Williams'' supervisor, which makes him an employee of Andalusia Tire Company. Thus, he cannot be a defendant in a Title VII cause of action. Similarly, Caton is the owner of Andalusia Tire Company, and cannot be a defendant in a Title VII cause of action. *See Dearth,* 441 F.3d 931, 933-34 (holding that "there is nothing in Title VII that

---

1 The address provided matches Andalusia Tire Company's business address.

supports [Plaintiff's] claim that individual capacity liability can be imposed on the basis of the alter ego doctrine" where the defendant was the "president, director, and sole shareholder"). Accordingly, Williams' claim against Caton and Summerset under Title VII is due to be dismissed.

B.  **Equal Employment Opportunity Commission**

Defendants also argue that this case should be dismissed because Williams failed to make a prima facie showing of Title VII discrimination to survive a motion to dismiss. *See* Doc. 9. This Court, however, cannot discern whether Williams has satisfied the prerequisites of Title VII. The Plaintiff's Complaint was completed using a standard *pro se* complaint form and not the *pro se* Equal Employment Opportunity Commission ("EEOC") complaint form. *See* Doc. 1. Plaintiff does not indicate whether he exhausted his administrative remedies through the EEOC prior to filing in this Court. *Id.* Therefore, the parties shall advise the Court whether Williams exhausted his administrative remedies prior to filing this case in this Court, or if not, whether any equitable doctrines excuse Plaintiff's failure to exhaust his administrative remedies.

V.  CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge as follows:

(1) To the extent Defendants move to dismiss the Title VII claim against Jim Caton and Jessie Summerset, the Defendant's *Motion to Dismiss* (Doc. 9) be **GRANTED**;

(2) To the extent Defendants move to dismiss the Title VII claim for failure to

name his employer, Andalusia Tire Company, the Defendant's *Motion to Dismiss* (Doc. 9) be **DENIED**;

(3)   The Clerk of Court is DIRECTED to add Andalusia Tire Company as a named defendant, and serve Andalusia Tire Company;[2]

(4)   To the extent Defendants move to dismiss the Title VII claim for failure to make a prima facie showing of Title VII discrimination, the Defendant's *Motion to Dismiss* (Doc. 9) be **DENIED** at this time; and

(5)   The parties shall brief the Court on the status of the EEOC charge and exhaustion of administrative remedies within twenty-one (21) days of the date of this Order.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to this Recommendation on or before **September 4, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.   Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except

---

[2] As discussed above, due to an inadvertent clerical error, Andalusia Tire Company was incorrectly omitted as named defendants and was due service at the time the Complaint was filed.   Due to the error, service will be deemed timely.

upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

  DONE this 21st day of August, 2015.

          /s/Terry F. Moorer
          TERRY F. MOORER
          UNITED STATES MAGISTRATE JUDGE